■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUSAN BEAVERS, Appellant.—Judgment, Supreme Court, New York County (Alfred Kleiman, J.), rendered August 16, 1988, convicting defendant, upon a jury verdict, of attempted grand larceny in the third degree, burglary in the third degree and criminal possession of a forged instrument in the second degree, and sentencing her, as a predicate felon, to concurrent indeterminate terms of imprisonment of one and one-half to three years on the attempted grand larceny count and to two to four years on the remaining counts, unanimously affirmed.

Defendant was indicted after she tricked a security guard at the offices of her former employer into letting her into the building where she used a FAX machine to send the employer's bank a forged "wire transfer letter" instructing it to transfer $7500 from one of its accounts into her own personal checking account.

In a pretrial *Sandoval* ruling, the trial court determined that the prosecutor, *inter alia,* could question defendant about her accumulation of 44 parking tickets in two years for which she had not paid the fines. Defendant contends that permitting inquiry into her unpaid parking tickets violated Vehicle and Traffic Law § 155. We disagree.

Initially, we note that since defendant failed to challenge the ruling on this basis in the trial court, the matter has not been preserved for our review (CPL 470.05 [2]; *People v Claudio,* 64 NY2d 858). In any event, although Vehicle and Traffic Law § 155 provides that "[a] traffic infraction is not a crime * * * and shall not affect or impair the credibility as a witness or otherwise of any person convicted thereof", the statute does not preclude inquiry into the consistent failure to

pay fines imposed on traffic tickets. Defendant's pattern of failing to pay the parking tickets was relevant to a determination of her credibility, particularly her willingness to place her own interests above those of society *(People v Sandoval,* 34 NY2d 371). The probative worth of the evidence was not outweighed by any possible prejudice to defendant. In light of the overwhelming evidence of defendant's guilt, any possible error in this regard also would have "paled into harmlessness" *(People v Shields,* 46 NY2d 764, 765; *People v Jones,* 158 AD2d 346, *lv denied* 76 NY2d 737). Concur—Sullivan, J. P., Rosenberger, Kupferman, Ross and Smith, JJ.