■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL STEWART, Appellant. [620 NYS2d 955] —Judgment, Su-

preme Court, New York County (Edward McLaughlin, J.), rendered April 19, 1993, which convicted defendant, after a jury trial, of five counts of grand larceny in the fourth degree and one count of possession of burglar's tools, and sentenced him, as a second felony offender, to concurrent terms of imprisonment of 2 to 4 years on the larceny counts and 1 year on the possession of burglar's tools offense, unanimously affirmed.

Defendant contends that the trial court violated CPL 310.30 when it failed to respond to a jury note requesting instruction on the legal definition of criminal possession of stolen property before accepting a partial verdict on the grand larceny counts. This claim is unpreserved for this Court's review and we decline to review it in the interest of justice. Were we to review it, we would find that it would not warrant reversal inasmuch as defendant was not " ' "seriously prejudice[d]" ' " by the court's failure to respond to the note before accepting the verdict (People v Paul, 204 AD2d 205, 206, lv denied 84 NY2d 871). Defendant also contends that the trial court violated CPL 310.70 because it prematurely accepted a partial verdict with respect to the grand larceny counts without determining whether there was a reasonable possibility that the jury would reach an agreement as to the remaining counts. While the court did not instruct the jury to continue deliberations on the entire case, defendant was not prejudiced because the possession charges were withdrawn from the jury's consideration. Concur—Murphy, P. J., Rosenberger, Ellerin, Rubin and Nardelli, JJ.