■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL MENDEZ, Appellant. [634 NYS2d 46] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered June 5, 1991, convicting defendant, after a jury trial, of kidnapping in the first degree, two counts of attempted grand larceny in the second degree, and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 25 years to life on the kidnapping conviction and $3^1/_2$ to 7 years on the other convictions, unanimously affirmed.

Defendant failed to preserve by appropriate and timely objection his current claim of a *Sandoval* violation (CPL 470.05; *People v Claudio*, 64 NY2d 858). In any event, we note that the trial court's specific ruling that the prosecutor might inquire regarding the five year sentence of probation imposed in connection with defendant's prior criminal conviction, "including the dates connected therewith", permitted good faith questioning as to whether defendant had repeatedly violated the terms of the sentence by not appearing before his probation officer, a matter intrinsically related to the sentence and highly probative of defendant's willingness to place his own interests above those of society (*People v Sandoval*, 34 NY2d 371). Further, in light of defendant's direct testimony that he had repeatedly violated the terms of his sentence of probation by engaging in criminal activity that included sales of large quantities of drugs and an extortion attempt, any error in permitting elicitation of the fact that defendant had not appeared before his probation officer on various dates was harmless (*see, People v Beavers*, 173 AD2d 348, 349, *lv denied* 78 NY2d 961).

As conceded by defendant at trial, the defense knowingly opened the door to evidence, including hearsay, regarding an alleged prior kidnapping. The door was opened by the joint defense strategy of portraying the kidnapping as a hoax

orchestrated by the complainant, including cross-examination delving into the reason that defendant became a suspect (*see, People v Melendez*, 55 NY2d 445, 451). When the prosecutor's redirect questioning elicited testimony regarding defendant's alleged participation in "other kidnappings", the trial court properly sustained defense counsel's objection and directed the jury to disregard such testimony. It is presumed that the jury understood and followed the court's instructions (*People v Davis*, 58 NY2d 1102, 1104). Accordingly, denial of defendant's mistrial motion was not error.

Neither CPL 310.70 nor any other provision of law, precludes a trial court's inquiry into whether a jury, after a substantial period of deliberation, has agreed upon a verdict as to any of the multiple counts submitted. In this case, after approximately twelve hours of deliberation and various requests for readback and additional legal instruction, the trial court ascertained that the jury had reached a verdict with respect to all submitted counts except for one count charging attempted assault in the second degree, regarding which the jury had requested additional legal instruction. The trial court acted within its discretion in directing the jury to render a partial verdict and then granting the prosecutor's motion to dismiss the remaining count (*see, People v Stewart*, 210 AD2d 161, *lv denied* 85 NY2d 980). We perceive no abuse of discretion in sentencing. Concur—Ellerin, J. P., Wallach, Nardelli and Williams, JJ.