■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DMYTRO SENKO, Appellant. [707 NYS2d 149] —Judgment, Supreme Court, New York County (George Daniels, J.), rendered May 30, 1996, convicting defendant, after a jury trial, of grand larceny in the second degree, and sentencing him to a term of 5 years probation and $50,000 restitution, and judgment, same court and Justice, rendered October 29, 1997, resentencing defendant, after a hearing, to a term of 1 to 3 years, upon a finding that he violated the term of probation calling for restitution, unanimously affirmed.

In this matter where defendant was convicted of grand larceny for remaining on paid sick leave by feigning injuries, including a purported workplace head injury, the prosecutor's cross-examination of defendant did not violate an *in limine* ruling that had permitted introduction of evidence of defendant's three prior head injuries while precluding elicitation of the fact that they occurred at work. It was defendant himself who introduced the workplace location of the prior injuries, by volunteering that fact in response to cross-examination questions phrased in a manner that did not call for such information. In any event, the place of occurrence of the prior injuries was not unduly prejudicial. Contrary to defendant's arguments, the prosecutor never insinuated that the prior injuries were fraudulent or made any type of propensity argument (*see, People v Flores*, 210 AD2d 1, *lv denied* 84 NY2d 1031).

Defendant's contention that the prosecutor improperly elicited testimony concerning defendant's work attendance record is unpreserved for appellate review and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant opened the door to this questioning (*see, People v Mendez*, 221 AD2d 162, *lv denied* 87 NY2d 923). Concur—Wallach, J. P., Lerner, Rubin and Buckley, JJ.