THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY HALL, Appellant. [963 NYS2d 265]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered May 13, 2008, convicting defendant, after a jury trial, of two counts of criminal possession of stolen property in the fourth degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to an aggregate term of 1 1/2 to 3 years, unanimously affirmed.

When the deliberating jury returned to the courtroom to receive supplemental instructions, the court did not coerce a verdict when it directed the court clerk to ask whether the jury had reached a verdict on the stolen property counts (*see People v Brown*, 1 AD3d 147 [1st Dept 2003], *lv denied* 1 NY3d 625 [2004]; *People v Mendez*, 221 AD2d 162 [1st Dept 1995], *lv denied* 87 NY2d 923 [1996]). The jury was not told that it was required to announce a verdict, and there is no indication that the jurors felt compelled to reach a verdict against their will. To the contrary, the jury foreperson freely answered, without

hesitation, that the jury had reached a partial verdict. Moreover, the jurors were each polled as to the verdict, and all of them agreed with it.

Although the court did not comply with CPL 310.70 (1) when it failed to direct the jury to resume deliberations on the remaining trespass count, defendant was not prejudiced, since that count was dismissed (see People v Rodriguez, 52 AD3d 319 [1st Dept 2008], lv denied 11 NY3d 741 [2008]; People v Stewart, 210 AD2d 161 [1994], lv denied 85 NY2d 980 [1995]). Defendant's argument that further deliberations might have led the jury to reconsider its guilty verdicts on the stolen property counts rests on speculation. Concur—Andrias, J.P., Saxe, DeGrasse, Richter and Gische, JJ.