(June 13, 2013)

■ The People of the State of New York, Respondent, v Fitzhugh Campbell, Appellant. [967 NYS2d 348]—

Judgment, Supreme Court, New York County (Edward J. Mc-Laughlin, J.), rendered May 18, 2010, convicting defendant, after a jury trial, of three counts of robbery in the first degree and two counts of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 41 years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that the sentences on all counts run concurrently, resulting in a new aggregate term of 25 years to life, and otherwise affirmed.

The court, which was aware of the travel plans and upcoming religious observance of some of the jurors, properly exercised its discretion when it inquired whether the jury, which had been deliberating for several days, had agreed upon a verdict as to any of the counts submitted, and then accepted a partial verdict (*see e.g. People v Brown*, 1 AD3d 147 [1st Dept 2003], *lv denied* 1 NY3d 625 [2004]; *People v Mendez*, 221 AD2d 162, 163 [1st

Dept 1995], *lv denied* 87 NY2d 923 [1996]). In accordance with CPL 310.70 (1) (b), the court properly instructed the jury to resume deliberations on the remaining counts. The court's actions did not coerce a verdict as to any counts (*see People v Hall*, 105 AD3d 658 [1st Dept 2013]), and defendant has not shown how he was prejudiced by any of these actions.

The court responded meaningfully when, on the day after the partial verdict, the jurors sent a note stating, "If we are unable to come to an agreement on the remaining charges, we request instruction." Even if the court's response could be characterized as an abbreviated *Allen* charge (*see Allen v United States*, 164 US 492 [1896]), and even though the jury had not expressly stated that it was deadlocked, the response met the standard of meaningfulness (*see People v Malloy*, 55 NY2d 296, 302 [1982], *cert denied* 459 US 847 [1982]), particularly since the jury was in its fourth day of deliberations following a relatively short trial. The court's brief, balanced instruction properly encouraged the jurors to continue their deliberations in an attempt to reach a verdict, it contained no coercive language, and it twice cautioned the jurors not to abandon their positions. Moreover, rather than reaching an immediate verdict (*compare People v Aponte*, 2 NY3d 304, 309 [2004]), the jury deliberated for four more hours and ultimately returned both convictions and acquittals on various counts.

The trial court properly exercised its discretion (*see generally People v Duncan*, 46 NY2d 74, 80 [1978], *cert denied* 442 US 910 [1979]) in denying defendant's request to introduce extrinsic evidence of an alleged prior inconsistent statement by a detective, since "the purported inconsistency rests on a slender semantic basis and lacks probative value" (*People v Jackson*, 29 AD3d 400, 401 [1st Dept 2006], *lv denied* 7 NY3d 790 [2006]). The detective's answers on cross-examination sufficiently resolved the purported inconsistency, and defendant has not shown that he was prejudiced by being unable to introduce extrinsic evidence. Defendant's argument that the People were obligated to "correct" the detective's testimony is without merit. Furthermore, the ruling at issue was not rendered unfair by the court's ruling on a completely different issue involving the People's impeachment of defendant's testimony. In any event, any error regarding the exclusion of extrinsic evidence was harmless in view of the overwhelming evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]). Finally, we note that since defendant never asserted a constitutional right to introduce the evidence at issue, his present constitutional claim is unpreserved (*see People v*

*Lane,* 7 NY3d 888, 889 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (*see Crane v Kentucky,* 476 US 683, 689-690 [1986]; *Delaware v Van Arsdall,* 475 US 673, 678-679 [1986]).

The court also properly exercised its discretion in admitting into evidence two recorded telephone calls made by defendant, which contained relevant evidence despite the presence of offensive content. The court properly concluded that the probative value of this evidence outweighed any prejudicial effect. Moreover, the court offered to minimize any prejudice by delivering a limiting instruction, but defendant declined that offer. In any event, any error was harmless.

We find the sentence excessive to the extent indicated. Concur—Acosta, J.P., Renwick, Richter and Feinman, JJ.