OPINION OF THE COURT
Memorandum.
The order of County Court should be reversed and defendant’s motion to suppress tapes of his telephone conversations with complainant denied.
Defendant, Postmaster of the Germantown Post Office, was charged in Town Court with violation of subdivision 1 of section 240.30 of the Penal Law, aggravated harassment, in that he attempted to communicate by telephone with another person, with the intent to harass, annoy, threaten or alarm her. The charge arises out of a series of telephone calls made by defendant to a coemployee at the *963 post office and at her home. After arraignment, defendant moved to suppress the tape recordings of the telephone calls made by the complainant with the knowledge and advice of postal employees. After a hearing the Town Court granted the motion as to calls completed at the post office, holding that the eavesdropping was illegal because made in violation of Postal Regulation (Employee & Labor Relations Manual) 668.291. That regulation provides: “During the course of activities related to postal employment, no postal employee will record, monitor, or otherwise intercept the oral or wire communications of any other person through the use of any electronic, mechanical or other device, nor listen in on a telephone conversation, nor direct another to do so, unless all parties involved in the communication consent to such interception.”
County Court affirmed the Town Court’s order.
We now reverse. It is not unlawful to eavesdrop on telephone conversations with the consent of one of the parties to the conversation (Penal Law, § 250.00; CPL 700.05, subd 3; Rathbun v United States, 355 US 107), nor is the tape recording evidence in this case to be excluded because the consenting party, who was a government employee, may have acted contrary to the rules of her employer (see United States v Caceres, 440 US 741).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur in memorandum.
Order reversed, etc.