■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS HALSTEAD, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (O'Shaughnessy, J.), rendered February 6, 1987, convicting him of murder in the second degree (two counts), and rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's argument that his trial should have been severed from the trial of his codefendant because the quality and quantity of evidence against him was substantially different from that offered against the codefendant is unpreserved for appellate review (see, CPL 470.05 [2]; People v James, 116 AD2d 663; People v Amato, 99 AD2d 495). In any event, the trial court did not improvidently exercise its discretion in denying the defendant's motion for a severance, which was made upon the ground that his codefendant had made a statement inculpating the defendant, because the codefendant testified at trial (see, Bruton v United States, 391 US 123; People v Griffin, 48 NY2d 998; People v Anthony, 24 NY2d 696; People v Bornholdt, 33 NY2d 75, cert denied sub nom. Victory v New York, 416 US 905).

We reject the defendant's contention that his right to counsel was violated under the rule established by Massiah v United States (377 US 201). The trial court properly determined, after a hearing, that a fellow inmate of the defendant who testified to a confession made by the defendant while in jail was not acting as a police or government agent. The informer in this instance had provided the information on his own initiative, and not in response to any agreement, understanding, or prompting by the government (see, People v Cardona, 41 NY2d 333, 335). Additionally, the mere fact that the informer in this case had previously acted as a police informant does not establish that he was presently acting as an agent of the police (see, People v Farley, 120 AD2d 761; People v Blake, 127 AD2d 602).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review (see, CPL 470.05 [2]), or without merit. Thompson, J. P., Sullivan, Harwood and Balletta, JJ., concur.