■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON B. NICHOLAS, Appellant. [605 NYS2d 344] —Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered August 9, 1991, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The County Court properly denied the defendant's motion to suppress the physical evidence seized from his vehicle. The police had probable cause both to arrest the defendant and to believe that his vehicle contained evidence related to the crime for which he was arrested *(see, People v Langen,* 60 NY2d 170, *cert denied* 465 US 1028; *People v Belton,* 55 NY2d 49).

We find no merit to the defendant's contention that the testimony of a prosecution witness regarding his conversation with the defendant in a courthouse holding cell should have been suppressed. There was no evidence that the witness was deliberately "planted" in the defendant's presence by the prosecution *(cf., People v Brooks,* 83 AD2d 349). The witness provided the information on his own initiative and therefore cannot be considered an agent of the government *(see, People v Cardona,* 41 NY2d 333).

The County Court properly denied the defendant's request for an accomplice charge as to the three eyewitnesses, since there was no evidence to support the inference that either of the three was an accomplice *(see,* CPL 60.22; *People v Tucker,* 72 NY2d 849, 850; *People v Torres,* 160 AD2d 746, 747).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual

review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Any inconsistencies in the evidence at trial were for the jury to resolve, and its determination is entitled to great weight on appeal (see, People v Garafolo, 44 AD2d 86, 88).

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80).

We have considered the issues raised by the defendant in his supplemental pro se brief and find them to be without merit. O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.