In the Matter of JEFFREY KEY, Appellant, v CHARLES J. HYNES, as District Attorney of Kings County, Respondent. [613 NYS2d 926] —In a proceeding pursuant to CPLR article 78 to compel the respondent to grant the petitioner access to a certain document, the petitioner appeals from a judgment of the Supreme Court, Kings County (Finnegan, J.), dated April 2, 1992, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the petition is granted, unless within 30 days of the date of this decision and order, the respondent shall have submitted to the Supreme Court, Kings County, an affidavit containing evidentiary proof as to the "diligent search" for the document requested by the petitioner which has been conducted, and the matter is remitted to the Supreme Court, Kings County, for the purpose of determining the sufficiency of such affidavit, if it is timely filed, and for the purpose of conducting further proceedings consistent with the following memorandum.

On April 23, 1991, the petitioner requested production of a certain report made by Assistant District Attorney Nora Plesent. It is clear that the respondent failed to comply with the terms of Public Officers Law § 89 (3) in that the respondent failed, within five days of this request, either finally to decide the request or to advise the petitioner as to the "approximate date" when the request would be finally decided *(see, Lecker v New York City Bd. of Educ.,* 157 AD2d 486, 487). Instead, the respondent advised the petitioner, by letters dated April 25, 1991, July 11, 1991, and September 3, 1991, that any decision on his request would have to await the discovery of his file, for which a search was then being conducted. The petitioner's request for disclosure pursuant to the Freedom of Information Law (Public Officers Law § 84 *et seq.;* hereinafter FOIL) remained undecided at the time the present proceeding pursuant to CPLR article 78 was commenced.

The present proceeding was commenced in November 1991, approximately six months after the petitioner's FOIL request had been made. The respondent opposed the petition, submitting an affirmation made "on information and belief", in which an Assistant District Attorney stated that despite a

diligent search, the petitioner's file could not be located. The respondent did not then and does not now argue that the material requested falls within any of the exemptions set forth in Public Officers Law § 87 (2). The Supreme Court dismissed the petition, and this appeal followed.

The respondent first argues that the appeal should be dismissed as academic. In advancing this argument, the respondent asks us to consider a letter dated December 21, 1992, in which a representative of the respondent advised the petitioner that his file had recently been found and in which the petitioner was offered access to 48 documents, conditioned on his payment of the appropriate fee. The respondent argues that its offer of access to these documents renders the present appeal academic *(see, Matter of Calvin K. v De Franceso,* 200 AD2d 619). The respondent's argument that the present appeal is academic is meritless for the basic reason that the documents to which he now offers the petitioner access do not include the report which the petitioner had actually requested in his original FOIL application. In the letter dated December 21, 1992, in fact, the respondent stated that this report "cannot be located", so that the petitioner's request to inspect this report had to be "denied at this time". Thus, the report originally requested has never been produced and the present appeal is therefore not academic.

With respect to the merits, the only argument advanced by the respondent is that the report requested by the petitioner is exempt from disclosure because such report "cannot be found after diligent search" (Public Officers Law § 89 [3]). Under the unusual circumstances of this case, we cannot agree with this argument.

In opposing the petition in this case, an Assistant District Attorney stated, in an affirmation dated February 6, 1992, that "[a]fter a diligent search, this office does not have petitioner's file". We must assess the reliability of this affirmation in light of the respondent's current concession that at some point after February 6 but prior to December 21, 1992, the petitioner's file was, in fact, located. We must also assess the reliability of this assertion in light of the wholly conclusory nature of the assertion itself.

In general, "[w]here [a FOIL] exemption is claimed, the burden lies with the agency 'to articulate particularized and specific justification', and to establish that 'the material requested falls squarely within the ambit of [the] statutory exemptions' " *(Matter of Farbman & Sons v New York City*

*Health & Hosps. Corp.,* 62 NY2d 75, 83, quoting *Matter of Fink v Lefkowitz,* 47 NY2d 567, 571; *see also, Matter of Moore v Santucci,* 151 AD2d 677; *Matter of Hopkins v City of Buffalo,* 107 AD2d 1028). "Mere conclusory allegations, without factual support, that the requested materials fall within an exemption are insufficient to sustain an agency's burden of proof" *(Matter of Professional Stds. Review Council v New York State Dept. of Health,* 193 AD2d 937, 939, quoting *Matter of Polansky v Regan,* 81 AD2d 102, 103; *see also, Matter of Lyon v Dunne,* 180 AD2d 922, 924).

The requirement of evidentiary proof and the rule that entirely conclusory statements do not constitute such proof apply as much when the agency seeks to avoid disclosure of a document it presumably should have but cannot locate (Public Officers Law § 89 [3]) as when the agency claims that the document in question is altogether exempt from disclosure (Public Officers Law § 87 [2]). There is no basis in law or in reason to apply, in the context of FOIL proceedings, a rule any different from the general rule of civil practice which states that conclusory allegations, especially ones made "upon information and belief" by persons with no apparent direct knowledge, are legally valueless *(e.g., Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 553; *David Graubart, Inc. v Bank Leumi Trust Co.,* 48 NY2d 554, 559; *Rotuba Extruders v Ceppos,* 46 NY2d 223, 229; *Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 500; *Indig v Finkelstein,* 23 NY2d 728, 729; *Shapiro v Health Ins. Plan,* 7 NY2d 56, 63).

The claim of "due diligence" made by the respondent in the Supreme Court was stated in entirely conclusory terms and it was therefore error to summarily dismiss the petition based on the supposed unavailability of this document (Public Officers Law § 89 [3]). The papers submitted to the Supreme Court were not sufficient to permit determination of the factual question as to whether the respondent's agents had in fact conducted a diligent search for the report requested by the petitioner. While the Supreme Court need not have actually ordered the production of the requested report under these circumstances, in that such an order would have been futile if the requested report did not in fact exist, the court should have at least ordered the respondent to submit a more detailed affidavit *(see, e.g., Matter of Thomas v Records Access Officer,* 205 AD2d 786 [decided herewith]).

For these reasons, we reverse the judgment appealed from and remit the matter for further proceedings. We conclude that the respondent should be allowed 30 days in which to

submit an adequate affidavit attesting to the diligence with which they have searched for the requested documents. The petition should be granted in the event no such affidavit is submitted. If such affidavit is submitted, the Supreme Court may, at that point, determine what, if any, further proceedings are warranted.

We note, in conclusion, that in dismissing the petition the Supreme Court also relied on an exemption (Public Officers Law § 87 [2] [e]) which had never been and is not now advanced by the respondent as a basis for denying access to the materials requested. The Supreme Court's reliance on this exemption was unwarranted under these circumstances. Mangano, P. J., Bracken, Pizzuto and Hart, JJ., concur.