■ In the Matter of HERBERT THOMAS, Appellant, v RECORDS ACCESS OFFICER, Respondent. [613 NYS2d 929] —In a proceeding pursuant to CPLR article 78 to compel the production of certain documents pursuant to the Freedom of Information Law (Public Officers Law § 84 *et seq.),* the petitioner appeals from so much of a judgment of the Supreme Court, Kings County (Starkey, J.), dated August 14, 1991, as dismissed the petition, except insofar as it was to compel the production of "work sheets".

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

As we stated in *Matter of Key v Hynes* (205 AD2d 779 [decided herewith]), it is error to accept wholly conclusory allegations as a substitute for proof that an agency governed by the Freedom of Information Law (Public Officers Law § 84 *et seq.)* has been unable to locate a document after having conducted a "diligent search" (Public Officers Law § 89 [3]). In this case, however, the employee who conducted the actual search for the documents in question submitted an affidavit which provided an adequate basis upon which to conclude that a "diligent search" for the documents in question had been made *(see, Matter of Key v Hynes, supra).* The Supreme Court went further and ordered a hearing at which both this employee and a supervising Assistant District Attorney appeared. We reject the petitioner's contentions that he had the right to be present at this hearing *(see generally, Pope v Pope,* 198 AD2d 406) and that he had the right to the assignment of counsel. The evidence produced at this hearing was more than adequate to show that a diligent search for the documents requested had been made. Bracken, J. P., Miller, Copertino and Hart, JJ., concur.