■ THOMAS CURLEY, Appellant, v BOARD OF TRUSTEES OF THE VILLAGE OF SUFFERN et al., Respondents. [624 NYS2d 265] —In an action, *inter alia,* to recover damages pursuant to 42 USC § 1983, the plaintiff appeals from an order of the Supreme Court, Rockland County (Stolarik, J.), dated October 19, 1993, which granted the defendants' motion for summary judgment dismissing the plaintiff's second cause of action.

Ordered that the order is affirmed, with costs.

The plaintiff, a police officer, commenced the present action to recover damages, *inter alia,* for an alleged violation of his constitutional rights due to the interception and taping of a telephone conversation between him and another police officer over police telephone lines. It is uncontroverted that the plaintiff knew that the police telephone lines were monitored.

The Supreme Court dismissed all of the plaintiff's complaint except the second cause of action to recover damages for violation of the plaintiff's constitutional rights. Thereafter, in the order appealed from, the Supreme Court dismissed the remainder of plaintiff's complaint. We now affirm.

If one party to a telephone conversation consents to its being taped, the other party cannot argue that his rights have been violated *(see, United States v Cafaro,* 480 F Supp 511). Further, a caller's consent can be inferred from the facts and circumstances surrounding the recording *(see, People v Tabora,* 139 AD2d 540; *United States v Amen,* 831 F2d 373, *cert denied* 485 US 1021 [prison inmates impliedly consented to the interception of telephone calls by using prison telephones when they were on notice of an interception policy]; *United States v Willoughby,* 860 F2d 15, *cert denied* 488 US 1033 [interception of a telephone call by an inmate to a noninmate does not violate the Fourth Amendment rights of either party]). In this case, the plaintiff's consent may be inferred from his knowledge that the police telephone lines were monitored.

Moreover, the routine, nonsurreptitious recording of a police telephone line which results in the recording of a conversation of an officer who should have known that the line was monitored is in the ordinary course of the police chief's duties as a law enforcement officer and is exempt from the Omnibus Crime Control and Safe Streets Act of 1968 *(see,* 18 USC § 2510 *et seq.; Jandak v Village of Brookfield,* 520 F Supp 815). Accordingly, the interception of the telephone conversation between the plaintiff and another police officer did not violate the plaintiff's constitutional rights.

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Copertino, Hart and Krausman, JJ., concur.