OPINION OF THE COURT
Ralph A. Beisner, J.
At issue in this action is whether the plaintiff, as Chief of Police of the Town of Hyde Park Police Department, must *498 turn over to the Supervisor of the Town of Hyde Park (hereinafter the Town) the tapes of incoming and outgoing public phone calls for a specific time period.
On January 2, 1997, the Town Board passed a resolution in closed executive session to require the Town Police Department to turn over audio tapes of incoming and outgoing phone calls for the months of November 1996, December 1996 and January 1997. The Chief of Police of the Town, who is the plaintiff in this action, brought this action seeking judgment declaring the January 2, 1997 resolution void, unconstitutional, illegal and ineffective, and enjoining the Town from maintaining or entertaining any future resolution requesting confidential and sensitive police reports. As an alternative, the plaintiff sought an order compelling the Town to observe certain standards and conditions of confidentiality regarding the contents of the tapes should the court determine that the Town was entitled to them.
By order dated and entered March 6, 1997, the court granted plaintiff’s motion for an order restraining and enjoining the Town from taking possession of any and all tape recordings of incoming and outgoing telephone calls made from the Town Police Department. In granting the motion, the court concluded that the plaintiff had demonstrated a likelihood of ultimate success on the merits in this action (see, Doe v Axelrod, 73 NY2d 748, 750), since the subject of the January 2, 1997 resolution went beyond the permitted purposes for executive session as set forth in Public Officers Law § 105.
In apparent response to this court’s March 6, 1997 order, the Town Board on March 17, 1997 adopted a resolution at a public meeting rescinding the January 2, 1997 resolution and directing the Chief of Police to deliver to the Supervisor the tapes of incoming and outgoing public phone calls for the two weeks immediately preceding the resolution or for the two weeks preceding the dismissal of the preliminary injunction, whichever occurred later.
Plaintiff has served an amended complaint seeking a judgment annulling the March 17, 1997 resolution. The Town served an answer to the amended complaint. The Town now moves for an order granting renewal and reargument of the plaintiff’s motion for a preliminary injunction and, upon renewal or reargument, denying the injunction and for a further order granting summary judgment in its favor and dismissing plaintiff’s complaint. The plaintiff cross-moves for an order granting summary judgment in his favor and against the Town *499 or, alternatively, for an additional preliminary injunction with respect to the March 17, 1997 resolution.
According to plaintiff’s affidavit, several years ago he initiated a procedure whereby the Police Department was able to tape incoming and outgoing telephone calls. Since there was no money available from the Town to purchase the equipment, he contacted various organizations to see if he could obtain taping equipment free of charge. IBM donated the taping equipment which the Police Department is presently using. The Town has not promulgated any rules or regulations with respect to the taping equipment or the taping of telephone calls. The Police Department has approximately 10 to 17 tapes and each tape is used for a 24-hour period.
The affidavit of the Town Supervisor, Thomas Spence, relied upon by the Town states that the Town Board is looking for ways to reduce expenditures and one proposal is to eliminate the five police assistants who act as dispatchers. The dispatchers handle the incoming calls which the Town Police Department receives. The Town proposes to contract with the New York State Police to provide these services. The elimination of these positions would allegedly effectuate an annual savings of $125,000 or 5 % of the monies raised by taxes. The Town Board wants to listen to the tapes which record the incoming and outgoing calls in order to ascertain the nature and scope of the duties of its employees and the manner in which the services are provided. In this regard the court notes that the Town has narrowed the scope of its demand for the tapes from the three-month period which was requested in the January 2, 1997 resolution to a two-week period in the March 17, 1997 resolution.
The Town argues that since the Chief of Police and all the members of the Police Department are employees of the Town Board, the Town Board has the authority to direct the Chief of Police to provide it with the tape recordings at issue. The Town relies on Town Law § 39 which provides: "Constables and town policemen shall have all the power and authority conferred upon constables by the general laws of the state and such additional powers, not inconsistent with law, as shall be conferred upon them by the town board. They shall be subject to the general authority and direction of the town board and to such orders and regulations as the town board may prescribe, not inconsistent with law.” The Town also relies on Town Law § 154, which provides in pertinent part: "The town board may make, adopt and enforce rules, orders and regulations for the government, discipline, administration and disposition of the police department and of the members thereof.”
*500 In opposition the plaintiff argues that the tapes contain information regarding ongoing investigations and information received from informants, and giving the Town Board the tapes could jeopardize the investigations and deprive a person of the right to a fair trial. The plaintiff agrees to turn over the tapes only if the Town Board agrees to comply with certain conditions. Plaintiff further contends that the tapes would not be subject to disclosure pursuant to the Freedom of Information Law (hereinafter FOIL) (Public Officers Law art 6).
Public Officers Law § 87 (2) (b) exempts from disclosure records which would constitute an unwarranted invasion of personal privacy. Public Officers Law § 87 (2) (e) exempts records which are compiled for law enforcement purposes and which, if disclosed, would interfere with law enforcement investigations or judicial proceedings, deprive a person of the right to a fair and impartial adjudication, identify a confidential source or disclose confidential information relating to a criminal investigation, or reveal criminal investigative techniques or procedures, except routine techniques or procedures. Where a FOIL exemption is claimed, the burden lies with the agency to articulate particularized and specific justification and to establish that the material requested falls within the ambit of the statutory exemptions and mere conclusory allegations, without factual support, are insufficient to sustain an agency’s burden of proof (Matter of Key v Hynes, 205 AD2d 779, 780-781).
Were this an application pursuant to the Freedom of Information Law for access to the tapes, rather than an issue of whether the Town Board is entitled to the tapes, the court would conclude that the plaintiff’s conclusory statements that the tapes contain information regarding a confidential informant would be insufficient to defeat a request for the tapes. The January 2, 1997 resolution sought tapes from November 1996, December 1996 and January 1997. The March 17, 1997 resolution now at issue in this action seeks tapes of a two-week period, the exact dates of which can only be established by reference to the happening of a certain event. That the plaintiff’s objection is too broad and general is underscored by plaintiff’s use of the same argument to claim exemption from FOIL for both time periods.
This is not a FOIL application but an application by the plaintiff to prevent the Town Board from obtaining the tapes. The court concludes that the Town Board, as plaintiff’s employer and supervisory authority, is entitled to the tapes as *501 sought in the March 17, 1997 resolution. The only reasons advanced by plaintiff for withholding the tapes are the exemptions set forth in the Freedom of Information Law (Public Officers Law § 87 [2] [b], [e]) and the plaintiff has not established that these exemptions are applicable to the tapes at issue.
While this is a case of first impression, the ultimate decision of this court must rest on the issue of accountability within the structure of government. The New York State Legislature in enacting sections 39 and 154 of the Town Law has clearly established a chain of authority wherein the Town Board, an elected legislative branch of government, is authorized to create a police agency. To allow the police agency to function without accountability to the creating authority would violate democratic principles and potentially engender grievous harm to a free society.
Thus, the Town’s motion for an order granting reargument and renewal is granted and, upon reargument and renewal, plaintiff’s motion for a preliminary injunction is denied. Furthermore, the Town’s motion for an order granting summary judgment in its favor and against the plaintiff is granted and the court declares that the March 17, 1997 resolution which is at issue in the litigation is constitutional, legal and effective. The plaintiff’s cross motion is in all respects denied.
Of course, should any actionable breach of confidentiality occur, the Town would be the appropriate party defendant (cf., e.g., Curley v Board of Trustees, 213 AD2d 583; Jandak v Village of Brookfield, 520 F Supp 815).