■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LEAK, Appellant. [756 NYS2d 203] —Judgment, Supreme Court, New York County (Herbert Altman, J., at suppression hearing; James Yates, J., at plea and sentence), rendered October 14, 1999, convicting defendant of burglary in the first degree, and sentencing him to a term of 8½ years, unanimously affirmed.

Defendant's suppression motion was properly denied. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). The plainclothes officers' attention was drawn to defendant, whom they recognized from a prior arrest, when they saw him behaving in the same suspicious manner as on the prior occasion. Thereafter, the officers' observation of defendant being pursued by two men provided reasonable suspicion to pursue and detain defendant. "Contrary to defendant's argument, the [above] circumstances permitted the police to draw a reasonable inference that a victim was pursuing a perpetrator, not the other way around." (*People v Lopez*, 258 AD2d 388, 388 [1999], *lv denied* 93 NY2d 1022 [1999].) Furthermore, the record supports the court's finding that when defendant ran toward the police, an officer displayed his shield and permitted defendant to see his still-holstered pistol. This conduct was not a seizure, and when defendant immediately turned and fled, the police acquired reasonable suspicion justifying pursuit. Defendant's subsequent abandonment of physical evidence was not the product of unlawful police action. Ensuing events led to a prompt on-the-scene identification and statements, none of which were fruits of any unlawful police action.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Saxe, Rosenberger, Lerner and Marlow, JJ.