THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS WILLIAMS, Appellant. [786 NYS2d 684]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered September 5, 2002. The judgment convicted defendant, upon a jury verdict, of unlawful imprisonment in the first degree and burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of unlawful imprisonment in the first degree (Penal Law § 135.10) and burglary in the second degree (§ 140.25 [2]). Contrary to defendant's contention, the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally sufficient to support the burglary conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Also contrary to the contention of defendant,

Supreme Court properly denied his *Batson* challenges to the prosecutor's exercise of peremptory challenges with respect to two prospective jurors. The record establishes that one of the prospective jurors indicated that she knew defendant. In addition, the record establishes that the responses of the other prospective juror were difficult to comprehend, and he stated that he would use the "beyond the shadow of a doubt" standard in evaluating the evidence. The court was in the best position to observe the demeanor of the prospective jurors and the prosecutor, and its determination that the prosecutor's reasons for exercising peremptory challenges with respect to those two prospective jurors were race-neutral and not pretextual is entitled to great deference (*see People v Hernandez*, 75 NY2d 350, 356 [1990], *affd* 500 US 352 [1991]; *People v Jones*, 289 AD2d 962, 962-963 [2001], *lv denied* 98 NY2d 652 [2002]). Present—Pigott, Jr., P.J., Green, Pine, Gorski and Lawton, JJ.