THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARCEY DAVIS, Appellant. [786 NYS2d 682]—Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered September 5, 2002. The judgment convicted defendant, upon a jury verdict, of unlawful imprisonment in the first degree and burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of unlawful imprisonment in the first degree (Penal Law § 135.10) and burglary in the second degree (§ 140.25 [2]). Defendant contends on appeal that the evidence is legally insufficient to sustain the burglary conviction because his entry into the hotel room was lawful. At trial, however, he moved to dismiss the burglary count on the ground that the evidence established that he remained in the doorway and did not enter the hotel room, and thus his present contention is not preserved for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, defendant's contention lacks merit. De-

fendant further contends that Supreme Court erred in denying his *Batson* challenges to the prosecutor's exercise of peremptory challenges with respect to two prospective jurors. Defendant challenged the prosecutor's peremptory challenge with respect to only one of those two prospective jurors, however, and thus preserved for our review only his contention with respect to one of the two prospective jurors. In any event, we conclude that defendant's contention with respect to both prospective jurors lacks merit, for the same reasons set forth in our decision affirming the judgment of conviction of defendant's codefendant, with whom defendant was jointly tried (*People v Williams [Otis]*, 13 AD3d 1214 [2004]). Present—Pigott, Jr., P.J., Green, Pine, Gorski and Lawton, JJ.