■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE FERNANDEZ, Appellant. [806 NYS2d 476]—

Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered June 19, 2003, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari*, 176 NY 84, 94 [1903]). Defendant argues that the larceny aspect of the underlying crime of robbery in this felony murder case was not established because the robbers only stole drugs that had already been sold to one of the robbers. However, two witnesses gave credible testimony that the robbers stole additional drugs that were not part of the transaction.

The court properly denied, after a *Massiah* hearing (*Massiah v United States*, 377 US 201 [1964]), defendant's motion to preclude the testimony of a witness to whom he made admissions in prison. The fact that the witness had a prior cooperation agreement with the People and had provided information in other cases did not automatically make him an agent of the government with regard to this case (*see People v Cardona*, 41 NY2d 333 [1977]; *People v Belgrave*, 172 AD2d 335 [1991], *lv denied* 78 NY2d 962 [1991]). The cooperation agreement witness had previously entered into did not authorize him to undertake his own unrelated investigations, or to do anything without prior approval, and there was no evidence of a tacit understanding, as defendant alleges. Instead, the witness acted on his own, outside the scope of his agreement and without any kind of agency relationship with the prosecution.

The record establishes that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal. Concur—Friedman, J.P., Sullivan, Nardelli, Williams and Sweeny, JJ.