The People of the State of New York, Respondent, v Eric Corse, Also Known as Erik Corse, Appellant. [902 NYS2d 599]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Honoroff, J.), rendered June 30, 2008, convicting him of criminal possession of a weapon in the third degree, criminal sale of a firearm in the third degree (two counts), attempted criminal sale of a firearm in the third degree, criminal possession of a weapon in the fourth degree, hindering prosecution in the third degree, and criminal facilitation in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to an informant.

Ordered that the judgment is affirmed.

The County Court properly denied, after a *Massiah* hearing (*see Massiah v United States,* 377 US 201 [1964]), that branch of the defendant's omnibus motion which was to suppress statements he made to an informant while in jail. The fact that the informant had a prior cooperation agreement with the People and had provided information in other cases did not automatically make him an agent of the prosecution with regard to this

case (*see People v Cardona*, 41 NY2d 333 [1977]; *People v Fernandez*, 23 AD3d 317, 318 [2005]; *People v Tam*, 260 AD2d 242 [1999]). The informant acted independently and on his own initiative. The prosecution was a passive recipient of the information (*see People v Cardona*, 41 NY2d at 335).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to prove the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Contrary to the defendant's contention, the jury could reasonably find that the testimony of certain witnesses was not incredible or unreliable.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contentions raised in his supplemental pro se brief and in point II (a) (2) of his main brief are unpreserved for appellate review, and his remaining contentions are without merit. Rivera, J.P., Fisher, Florio and Austin, JJ., concur.