# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1289**
**KA 08-00652**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

CHASE SINCLAIR, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (LORETTA S. COURTNEY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Elma A. Bellini, J.), rendered March 14, 2008. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that he was denied effective assistance of counsel due to the failure of defense counsel to request the form jury instruction regarding the voluntariness of statements (*see* CJI2d[NY] Statements—Expanded Charge on Traditional Voluntariness). We reject that contention. Upon our review of the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, we conclude that defense counsel afforded defendant "meaningful representation" (*People v Baldi*, 54 NY2d 137, 147). The single error alleged by defendant was not "sufficiently egregious and prejudicial as to compromise . . . [his] right to a fair trial" (*People v Caban*, 5 NY3d 143, 152), and there is no "reasonable likelihood that the [alleged] error, standing alone, changed the outcome of the case" (*People v Douglas*, 296 AD2d 656, 657, *lv denied* 99 NY2d 535). Indeed, we conclude that defendant failed " 'to demonstrate the absence of strategic or other legitimate explanations' for [defense] counsel's alleged shortcoming[]" (*People v Benevento*, 91 NY2d 708, 712, quoting *People v Rivera*, 71 NY2d 705, 709). In light of the evidence presented at trial, defense counsel reasonably could have decided that the expanded charge on the voluntariness of defendant's confession would be futile or even counterproductive, and instead reasonably could have decided that a more successful strategy was likely to be attacking defendant's

confession on the ground that it was not sufficiently corroborated
(*see* CJI2d[NY] Corroboration of Statements; *People v Parrotte*, 34 AD3d
921, 922).

Entered:  December 23, 2011                       Frances E. Cafarell
                                                  Clerk of the Court