# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1031
KA 11-02471
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND SCONIERS, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

NORMAN KOONCE, DEFENDANT-APPELLANT.

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered October 31, 2011. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Erie County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). Contrary to the contention of defendant, we conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant next contends that he was denied his right to counsel when the police questioned him concerning the instant crimes while he was in custody and represented by counsel in an unrelated criminal case. We reject that contention. "Under New York's indelible right to counsel rule, a defendant in custody in connection with a criminal matter for which he is represented by counsel may not be interrogated in the absence of his attorney with respect to that matter or an unrelated matter unless he waives the right to counsel in the presence of his attorney" (*People v Lopez*, 16 NY3d 375, 377). However, "[w]hen the prior charge has been disposed of by dismissal or conviction, the indelible right to counsel disappears and the defendant is capable of waiving counsel on the new charge" (*People v Bing*, 76 NY2d 331, 344, *rearg denied* 76 NY2d 890). Here, a police detective testified at the *Huntley* hearing that defendant had been sentenced on the unrelated criminal case before the detective questioned him regarding these crimes, and County Court therefore properly determined that the police

were not precluded from questioning him regarding the instant crimes (*see People v Brant*, 277 AD2d 1022, 1022, *lv denied* 96 NY2d 756). We reject defendant's contention that the right to counsel lasted until at least 30 days after sentencing, to allow for the filing of a notice of appeal (*see People v Colwell*, 65 NY2d 883, 885).

Defendant further contends that he was denied effective assistance of counsel because defense counsel failed to request a jury charge on the voluntariness of defendant's statements to the police and failed to object to multiple instances of alleged prosecutorial misconduct on summation. With respect to the jury charge, we conclude that defendant failed to demonstrate the absence of a strategic or other legitimate explanation for defense counsel's alleged error (*see People v Benevento*, 91 NY2d 708, 712; *People v Sinclair*, 90 AD3d 1518, 1518). Indeed, we note that the statements of defendant to the police were exculpatory. With respect to the alleged instances of prosecutorial misconduct, we agree with the People that the prosecutor did not improperly bolster the adequacy of the police investigation or the testimony of the prosecution witnesses but, rather, the prosecutor's comments were fair response to defense counsel's summation (*see People v Williams*, 98 AD3d 1279, 1280, *lv denied* 20 NY3d 1066; *People v Rivers*, 82 AD3d 1623, 1624, *lv denied* 17 NY3d 904). Thus, defense counsel's failure to object to those comments cannot be said to have deprived defendant of effective assistance of counsel (*see People v Hill*, 82 AD3d 1715, 1716, *lv denied* 17 NY3d 806). While we agree with defendant that the prosecutor improperly denigrated the defense, that misconduct was not so egregious as to deprive defendant of a fair trial (*see People v Heck*, 103 AD3d 1140, 1143; *People v Lopez*, 96 AD3d 1621, 1622, *lv denied* 19 NY3d 998), and defense counsel's failure to object to those comments did not deprive defendant of effective assistance of counsel (*see Heck*, 103 AD3d at 1143; *People v Lyon*, 77 AD3d 1338, 1339, *lv denied* 15 NY3d 954).

Defendant contends that the court erred in admitting in evidence a portion of a recorded jailhouse telephone call made by defendant. He contends that the taping of the telephone call without a warrant was prohibited inasmuch as, although defendant was warned that calls may be monitored or recorded, he was not expressly warned of the possible use by law enforcement of the statements made in the recorded calls. Defendant further contends that the admission of the conversation amounted to the admission of evidence of an uncharged crime. Defendant's contentions are not preserved for our review (*see* CPL 470.05 [2]) and, in any event, they are without merit. An eavesdropping warrant is not required when one of the parties to the conversation consents to the eavesdropping (*see People v Lasher*, 58 NY2d 962, 963; *People v Wood*, 299 AD2d 739, 740-741, *lv denied* 99 NY2d 621), and we conclude that defendant impliedly consented to the recording here (*see generally Curley v Board of Trustees of Vil. of Suffern*, 213 AD2d 583, 583, *appeal dismissed* 87 NY2d 860; *United States v Friedman*, 300 F3d 111, 123, *cert denied* 538 US 981). We further conclude that the conversation involved only the present offense, not an uncharged crime. Contrary to defendant's further contention, the sentence is not unduly harsh or severe.

We agree with defendant, however, that the court erred in failing to rule on defendant's renewed motion to "rule on whether the jurors who voted this indictment were present for all the testimony presented on this case" (*see People v Spratley*, 96 AD3d 1420, 1421, *following remittal* 103 AD3d 1211, *lv denied* 21 NY3d 1020).  In an omnibus motion, defense counsel requested an attendance sheet of grand jurors hearing proof on the days on which evidence was presented on this case, and a list of the grand jurors voting the indictment.  The court's order holding that the grand jury evidence was legally sufficient did not address that part of defendant's omnibus motion concerning the attendance of the grand jurors who voted the indictment, and defense counsel therefore renewed that part of his omnibus motion.  The record does not reflect that the court ever ruled on defendant's renewed motion, and a failure to rule on a motion cannot be deemed a denial thereof (*see id.*; *see also People v Concepcion*, 17 NY3d 192, 197-198).  We therefore hold the case, reserve decision and remit the matter to County Court to determine defendant's renewed motion.

Entered:  November 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court