# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

540

KA 12-01248

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHAEL A. ROSS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered June 12, 2012.  The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him following a jury trial of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1], [2]), defendant contends that Supreme Court erred in denying his *Batson* challenge.  The challenge was made with respect to an African-American male prospective juror who was peremptorily struck from the venire panel by the prosecutor.  In response to the challenge, the prosecutor offered two race-neutral reasons for striking the prospective juror, and defendant did not contend that those reasons were pretextual.  Defendant thus failed to preserve his contention for our review (*see People v Jackson*, 57 AD3d 1463, 1464, *lv denied* 12 NY3d 817; *People v Cooley*, 48 AD3d 1091, 1092, *lv denied* 10 NY3d 861).

In any event, by denying defendant's *Batson* challenge, the court "thereby implicitly determined" that the race-neutral explanations given by the prosecutor for striking the prospective juror were not pretextual (*People v Parker*, 304 AD2d 146, 156-157, *lv denied* 100 NY2d 585), and the court was in the best position to determine whether the prosecutor was being truthful (*see People v Lawrence*, 23 AD3d 1039, 1039, *lv denied* 6 NY3d 835; *People v Williams*, 13 AD3d 1214, 1215, *lv denied* 4 NY3d 857).  We note that the prosecutor struck Caucasian prospective jurors for the same reasons he claimed to have struck the African-American prospective juror in question.  There is therefore no

basis in the record for us to conclude that the prosecutor struck the prospective juror because of his race.

Defendant further contends that the court erred in failing to suppress statements he made during telephone calls that he initiated while in jail awaiting trial. According to defendant, his telephone calls should not have been recorded without an eavesdropping warrant. We reject that contention. "[A]n eavesdropping warrant is not required when one of the parties to the conversation consents to the eavesdropping" (*People v Koonce*, 111 AD3d 1277, 1279; *see People v Lasher*, 58 NY2d 962, 963; *People v Wood*, 299 AD2d 739, 740-741, *lv denied* 99 NY2d 621) and, here, defendant "impliedly consented to the recording[s]" inasmuch as he was notified via a recorded message that telephone calls are subject to monitoring and recording (*Koonce*, 111 AD3d at 1279).

Finally, we reject defendant's challenges to the sufficiency and weight of the evidence. Defendant concedes that he twice fired his .22 caliber rifle after exchanging words with the victim, but he contends that he aimed toward the sky and intended only to scare the victim. The victim testified, however, that defendant fired six shots at him, one of which almost struck his head and another of which was deflected by the cell phone in his coat pocket, and the police found five shell casings in the area where the shooting occurred. Although the victim discarded his coat and cell phone while running away from defendant, and the police could not find either item, the victim had a welt on the left side of his abdomen where the cell phone had been located. Moreover, two eyewitnesses testified that defendant appeared to aim the gun directly at the victim. Although those witnesses are related to the victim, the "credibility of the witnesses was an issue for the jury to determine, and we perceive no basis for disturbing that determination" (*People v Newman*, 87 AD3d 1348, 1350, *lv denied* 18 NY3d 926; *see People v Shelton*, 111 AD3d 1334, 1336). In addition, defendant made an incriminating statement to the police after he had been arrested. When asked if he knew why he was at the police station, defendant said that he had "shot at some white boy."

Viewing the above evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that " 'there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime[s] proved beyond a reasonable doubt' " (*People v Danielson*, 9 NY3d 342, 349; *see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see Danielson*, 9 NY3d at 349), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Entered: June 13, 2014                                    Frances E. Cafarell
                                                          Clerk of the Court