# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**885**

**KA 11-02471**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

NORMAN KOONCE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered October 31, 2011. The appeal was held by this Court by order entered November 8, 2013, decision was reserved and the matter was remitted to Erie County Court for further proceedings (111 AD3d 1277). The proceedings were held and completed.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: We previously held this case, reserved decision and remitted the matter to County Court to rule on defendant's renewed motion to " 'rule on whether the jurors who voted this indictment were present for all the testimony presented on this case' " (*People v Koonce*, 111 AD3d 1277, 1279). We determined in our prior decision that defendant's remaining contentions on the appeal from the judgment of conviction after a jury trial lacked merit (*id.* at 1278-1279). Upon remittal, the court denied the renewed motion, and we now affirm.

Defendant contends that the grand jury proceeding was not properly conducted in accordance with CPL 190.25 (1) inasmuch as the summary sheet from the proceeding shows that 20 votes were cast to indict him, while the attendance sheet lists only 19 grand jurors present. We reject that contention. The attendance sheet shows, in fact, that there were 21 grand jurors present on the day that defendant was indicted. We therefore conclude from the two sheets that one grand juror simply did not vote. Thus, contrary to defendant's contention, the record establishes that "at least 12 [grand] jurors who . . . heard all of the 'essential and critical evidence' vote[d] to indict" (*People v Perry*, 199 AD2d 889, 891, *lv*

*denied* 83 NY2d 856; *see People v Collier*, 72 NY2d 298, 301-302).

Entered:  September 26, 2014                    Frances E. Cafarell
                                               Clerk of the Court