■ The People of the State of New York, Respondent, v Anthony T. Jackson, Appellant. [2 NYS3d 625]—

Motion by the appellant for leave to reargue an appeal from a judgment of the Supreme Court, Nassau County, rendered November 9, 2011, which was determined by decision and order of this Court dated May 21, 2014.

Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, it is

Ordered that the motion is granted, the decision and order of this Court dated May 21, 2014 (117 AD3d 966 [2014]), is recalled and vacated and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robbins, J.), rendered November 9, 2011, convicting him of murder in the second degree (three counts), robbery in the first degree (three counts), robbery in the second degree, burglary in the first degree (three counts), burglary in the second degree, kidnapping in the first degree, kidnapping in the second degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions that his constitutional rights were violated by the admission of an inmate informant's testimony, including testimony about his passing of certain notes that the defendant wrote to another inmate, are unpreserved for appellate review, as he did not object to the admission of this evidence on any constitutional ground (*see* CPL 470.05 [2]; *People v Iannelli*, 69 NY2d 684, 685 [1986]). In any event, where an informer, such as the one here, works independently of the prosecution and provides information on his own initiative, and the government's role is limited to the passive receipt of such information, the informer is not an agent of the government (*see People v Cardona*, 41 NY2d 333, 335 [1977]; *People v Corse*, 73 AD3d 1208, 1209 [2010]; *People v Nicholas*, 199 AD2d 425 [1993]; *People v Boswell*, 193 AD2d 690 [1993]; *People v Halstead*, 180 AD2d 818 [1992]; *see also United States v Birbal*, 113 F3d 342, 346 [2d Cir 1997]).

Evidence of the notes written in prison by the defendant to another inmate, also accused of involvement in the instant crimes, suggesting that an eyewitness be harmed, were properly admitted into evidence, as this evidence was probative of the issue of the defendant's consciousness of guilt (*see People v Green*, 92 AD3d 953 [2012]; *People v Myrick*, 31 AD3d 668, 669 [2006]).

The defendant's further contention that there was no proper foundation for the admission of his prison notes is without merit. Circumstantial evidence, such as that provided here by an inmate and a handwriting expert, satisfied the requirement that a writing be authenticated before it may be introduced (*see People v Dunbar Contr. Co.*, 215 NY 416 [1915]; *People v Jean-Louis*, 272 AD2d 626, 627 [2000]; *People v Murray*, 122 AD2d 81, 82 [1986]).

The defendant's objections to the admission into evidence of his telephone conversations with his girlfriend, which had been recorded by prison authorities, were made solely on the grounds that the tapes were "unfairly prejudicial," and were not "clearly inculpatory" so as to constitute admissions. Therefore, objections to this evidence on other grounds are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Iannelli*, 69 NY2d at 685; *People v White*, 238 AD2d 530 [1997]). In any event, the tapes were properly admitted into evidence, as there was no evidence that the girlfriend was acting as an agent of the police (*see People v Cardona*, 41 NY2d at 335), and it is not unlawful to eavesdrop on a telephone conversation with the consent of one of the parties to that conversation (*see*

People v Lasher, 58 NY2d 962, 963 [1983]). Here, the defendant had been informed in numerous ways that the telephone calls he made while in prison would be recorded. A party's consent to the taping of his telephone calls can be inferred from his knowledge that such conversations would be monitored (*see Curley v Board of Trustees of Vil. of Suffern*, 213 AD2d 583 [1995]; *People v Tabora*, 139 AD2d 540, 541 [1988]; *see also People v Koonce*, 111 AD3d 1277, 1279 [2013]).

The defendant's contention that he was denied his Sixth Amendment right to confront witnesses against him when the People called Dr. Tamara Bloom to testify about the victim's autopsy is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Herb*, 110 AD3d 829, 831 [2013]), and in any event, without merit (*see People v Freycinet*, 11 NY3d 38, 42 [2008]; *People v Pealer*, 20 NY3d 447, 454 [2013]; *People v Green*, 110 AD3d 825 [2013]).

The defendant's claim that testimony regarding his flight from the police was improperly admitted into evidence is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, this contention, along with his related contention that a videotape of his flight was improperly admitted into evidence, are without merit, as such evidence was indicative of consciousness of guilt (*see People v Yazum*, 13 NY2d 302, 304 [1963]; *People v Leak*, 303 AD2d 251 [2003]; *People v Katende*, 198 AD2d 522 [1993]).

The defendant's challenge to the introduction of a fingerprint comparison analysis is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the opinion of the expert in fingerprint comparison was supported by a sufficient factual basis establishing that an accepted methodology was appropriately employed (*see People v Wilson*, 107 AD3d 919, 920 [2013]; *Matter of Richard M.*, 89 AD3d 849 [2011]). Any weakness in the fingerprint expert's testimony went to credibility and weight of the evidence rather than to its admissibility (*see People v Garcia*, 299 AD2d 493 [2002]; *see also People v Morency*, 93 AD3d 736, 738 [2012]).

The defendant's claim of ineffective assistance of counsel due to his attorney's failure, inter alia, to move to set aside the verdict, to object to certain summation statements of the prosecutor, and to challenge the validity of a "trap and trace order" is based, in part, on matter appearing on the record, and, in part, on matter outside the record, and thus constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Fornal*, 123 AD3d 1141 [2014]). In this case, it is not evident from the matter appear-

ing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824, 825 [1981]; *People v Brown*, 45 NY2d 852, 853-854 [1978]). "Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety" (*People v Badalamenti*, 124 AD3d 672, 675 [2d Dept 2015], quoting *People v Addison*, 107 AD3d 730, 732 [2013]).

The sentence imposed was not excessive (*see People v Hernandez*, 88 AD3d 907 [2011]; *People v Suitte*, 90 AD2d 80, 83 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.