People v Myers (2021 NY Slip Op 05435)





People v Myers


2021 NY Slip Op 05435


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND DEJOSEPH, JJ.


839 KA 20-00055

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL MYERS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (TYLER BUGDEN OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered December 23, 2019. The judgment convicted defendant, upon a jury verdict, of leaving the scene of an incident resulting in death without reporting. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of leaving the scene of an incident resulting in death without reporting (Vehicle and Traffic Law § 600 [2] [a], [c] [ii]), defendant contends that County Court erred in refusing to suppress statements that he made during a three-way telephone call initiated by an inmate in the Onondaga County Justice Center. In particular, defendant contends that, because one of the recipients of that call was the subject of an eavesdropping warrant, the recording of the call constitutes evidence derived from an intercepted communication that should have been suppressed on the ground that the People failed to comply with the notice provision of CPL 700.70. We reject that contention. CPL 700.70 provides that "[t]he contents of any intercepted communication, or evidence derived therefrom, may not be received in evidence or otherwise disclosed upon a trial of a defendant unless the people, within fifteen days after arraignment and before the commencement of the trial, furnish the defendant with a copy of the eavesdropping warrant." The definition of an intercepted communication does not include a communication that is recorded with the consent of one of the parties thereto (see CPL 700.05 [3] [a], [b]). "[D]etainees, informed of the monitoring and recording of their calls, have no objectively reasonable constitutional expectation of privacy in the content of those calls (US Const Amend IV). Thus, a correctional facility may record and monitor detainees' calls, as well as share the recordings with law enforcement officials and prosecutors" (People v Diaz, 33 NY3d 92, 95 [2019], cert denied — US &mdash, 140 S Ct 394 [2019]). Here, the inmate who placed the call was aware that the call was being monitored and recorded by the Onondaga County Justice Center, and the call was thus recorded with his implied consent (see People v Jackson, 125 AD3d 1002, 1004 [2d Dept 2015], lv denied 25 NY3d 1202 [2015]). Therefore, no warrant was required to record that conversation (see People v Koonce, 111 AD3d 1277, 1279 [4th Dept 2013]), and the People were not required to comply with CPL 700.70 before using the recording at defendant's trial.
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court