■ The People of the State of New York, Respondent, v Shamar Jackson, Appellant. [814 NYS2d 164]—

Judgment, Supreme Court, New York County (Arlene Silverman, J.), rendered July 29, 2004, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fourth degrees, and sentencing him, as a second felony offender, to concurrent terms of $4^{1}/_{2}$ to 9 years and 3 to 6 years, unanimously affirmed.

The court properly exercised its discretion in precluding defendant's attempt to impeach the arresting officer with a portion of his grand jury testimony (*see People v Duncan*, 46 NY2d 74, 80 [1978], *cert denied* 442 US 910 [1979]). Even if the snippet of testimony from the grand jury can reasonably be viewed as inconsistent with an aspect of the officer's trial testimony, the purported inconsistency rests on a slender semantic basis and lacks probative value. Defendant received a full opportunity to attack the officer's credibility, and there was no impairment of defendant's right to confront witnesses and present a defense (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

The court also properly exercised its discretion in permitting the officer to testify that he recognized defendant from patrolling the neighborhood as this evidence was relevant to the contested issue of identification (*see People v Alvino*, 71 NY2d 233, 241-242 [1987]), and did not suggest any prior criminal activity by defendant. Defendant's challenge to the officer's testimony, on cross-examination, that he later learned defendant's name after checking his arrest files is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. This testimony was elicited by defendant (*see People v Melendez*, 55 NY2d 445, 451-452 [1982]), who did not request any remedy from the court. Concur—Buckley, P.J., Mazzarelli, Friedman, Sweeny and McGuire, JJ.