■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL SYVILLE, Appellant. [934 NYS2d 708]—

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The

forensic evidence, viewed as a whole, tended to corroborate rather than undermine the victim's testimony.

The court properly exercised its discretion when it denied defendant's requests to introduce two alleged prior inconsistent statements made by the victim (*see People v Duncan*, 46 NY2d 74, 80 [1978], *cert denied* 442 US 910 [1979]; *People v Jackson*, 29 AD3d 400 [2006], *lv denied* 7 NY3d 790 [2006]). The purported inconsistencies were taken out of context and lacked probative value. Since defendant never asserted a constitutional right to introduce either piece of evidence, his present constitutional claim is unpreserved (*see People v Lane*, 7 NY3d 888, 889 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]; *Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

The portion of the prosecutor's summation to which defendant objected on the ground of speculation drew permissible inferences from the evidence in response to defense counsel's summation, and did not deprive defendant of a fair trial. Defendant's remaining claims regarding the summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Gonzalez, P.J., Mazzarelli, Andrias, Sweeny and Román, JJ.