■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT TREVINO, Appellant. [6 NYS3d 57]—

Judgment, Supreme Court, New York County (Patricia Nunez, J.), rendered October 7, 2011, as amended November 3, 2011 and November 15, 2011, convicting defendant, after a

jury trial, of burglary in the first degree, attempted robbery in the first and second degrees, kidnapping in the second degree (three counts) and endangering the welfare of a child (two counts), and sentencing him, as a second felony offender, to an aggregate term of 25 years, unanimously modified, on the law, to the extent of vacating the kidnapping convictions and dismissing those counts of the indictment, and otherwise affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). The police responded to a radio run of a robbery in progress at a particular building. Although there was no specific description of the perpetrators, when the officers saw defendant hurriedly leaving the building, they had an "objective, credible reason, not necessarily indicative of criminality" (*People v Hollman*, 79 NY2d 181, 184 [1992]) to believe that defendant might have information about the robbery, and for asking him where he was coming from and requesting identification. This level one request for information was not based on the general character of the neighborhood, but upon the officer's awareness of a robbery at the specific building in question. In response to questions that were within the scope of a level one inquiry, defendant displayed an agitated demeanor and failed to provide the name or apartment number of the person he claimed to have been visiting. This gave rise to founded suspicion of criminality, and his flight, when added to the preexisting factors, justified his pursuit and detention by the police (*see id.* at 184-185).

Whether the court properly admitted the photograph of the gun, any prejudice was minimized by the court's limiting instructions. In light of the overwhelming evidence of defendant's guilt, any error was harmless.

The evidence failed to establish that the restraint of the victims was sufficiently distinct from the burglary and attempted robbery so as to support kidnapping charges. Accordingly, we vacate the kidnapping convictions under the merger doctrine (*see People v Cassidy*, 40 NY2d 763 [1976]). Concur—Gonzalez, P.J., Acosta, Moskowitz, Richter and Feinman, JJ.