■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JORDAN, Appellant. [24 NYS3d 61]—

Judgment, Supreme Court, Bronx County (Michael A. Gross, J.), rendered December 1, 2011, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him to a term of 10 years, unanimously affirmed.

The court properly denied defendant's motion to suppress physical evidence and identification testimony. The police had a founded suspicion of criminal activity, warranting a common-law inquiry (*see e.g. People v Trevino*, 126 AD3d 616 [1st Dept 2015], *lv denied* 26 NY3d 1012 [2015]). When officers responding to a radio run involving a robbery of a woman came within half a block of the reported location, they saw defendant and a codefendant run into the street toward the officers' unmarked car while waving their arms. When the men made eye contact with the officers, they immediately changed direction. This unusual behavior suggested, at least for purposes of founded suspicion, that the two men were fleeing and frantically attempting to hail what they thought was a livery cab but suddenly recognized to be a police car. When the officers asked the men to stop and show identification, the encounter did not exceed the bounds of a common-law inquiry (*see People v Reyes*, 83 NY2d 945 [1994], *cert denied* 513 US 991 [1994]; *People v Bora*, 83 NY2d 531, 535-536 [1994]), and when defendant produced an identification card belonging to a woman, this created reasonable suspicion warranting defendant's detention pending further investigation. The subsequent showup identification was justified by its close temporal and spatial proximity to the crime (*see People v Brisco*, 99 NY2d 596 [2003]), and the circumstances of the showup, viewed as a whole, were not significantly more suggestive than those inherent in any showup (*see e.g. People v Gatling*, 38 AD3d 239 [1st Dept 2007], *lv denied* 9 NY3d 865 [2007]).

The court properly exercised its discretion in precluding defendant from impeaching the victim with an alleged prior inconsistent statement (*see generally People v Duncan*, 46 NY2d 74, 80 [1978], *cert denied* 442 US 910 [1979]), because "the purported inconsistency rests on a slender semantic basis and lacks probative value" (*People v Jackson*, 29 AD3d 400, 401 [1st Dept 2006], *lv denied* 7 NY3d 790 [2006]). Defendant's constitutional argument in this regard is unavailing (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Acosta, Andrias and Richter, JJ.