People v Green (2021 NY Slip Op 50929(U))

[*1]

People v Green (David)

2021 NY Slip Op 50929(U) [73 Misc 3d 129(A)]

Decided on October 1, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 1, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead P.J., Brigantti, Hagler, JJ.

570375/16

The People of the State of New York,
Respondent,
against
David Green, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Steven M. Statsinger, J.), rendered May 18, 2016, after a nonjury trial, convicting
him of criminal trespass in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered May 18, 2016, affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the
evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). There is no
basis for disturbing the court's credibility determinations. The evidence presented by the People
established that defendant entered into a subway platform without paying the required fare, by
passing through an exit gate.
The court providently exercised its discretion (see People v Duncan, 46 NY2d 74, 80
[1978], cert denied 442 US 910 [1979]) when it denied defendant's request to impeach
the testifying police officer with extrinsic evidence concerning the officer's omission of certain
detail in his interview with the assistant district attorney, i.e. that he was on the southbound
platform when he observed defendant. The omission did not qualify as a prior inconsistent
statement because defendant failed to show that the officer was drawn to those facts by specific
questioning (see People v Bornholdt, 33 NY2d 75, 88 [1973], cert denied sub nom.
Victory v New York, 416 US 905 [1974]). Furthermore, the purported inconsistency "rests
on a slender semantic basis and lacks probative value" (People v Jackson, 29 AD3d 400, 401 [2006], lv denied 7
NY3d 790 [2006]), since the impeachment evidence defendant sought to introduce did not imply
that the officer previously indicated that he did not remember whether he was on the northbound
or southbound platform. In any event, defendant received a full opportunity to attack the officer's
credibility, and specifically questioned him about where he was standing and his statement to the
assistant district attorney (see People v Rosario, 267 AD2d 73, 73 [1999], lv denied
94 NY2d 952 [2000]). Since defendant never asserted a constitutional right to introduce the
evidence, his constitutional claim is unpreserved (see People v Angelo, 88 NY2d 217,
222 [1996]).
Even assuming that the court's ruling was erroneous, we would find that the error was
harmless in light of the overwhelming unchallenged evidence of defendant's guilt (see People
v Crimmins, 36 NY2d 230, 241-242 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 1, 2021