People v Smalls (2024 NY Slip Op 50441(U))

[*1]

People v Smalls (Phillip)

2024 NY Slip Op 50441(U)

Decided on April 17, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 17, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Perez, JJ.

570761/17

The People of the State of New York, Respondent,
against
Phillip Smalls, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Steven M. Statsinger, J.), rendered November 3, 2017, after a jury trial, convicting him of two counts of forcible touching, and imposing sentence.

Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered November 3, 2017, affirmed.
The verdict convicting defendant of two counts of forcible touching (see Penal Law § 130.52[1],[2]), was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, in which it credited the testimony of the victim and two police officers.
The court providently exercised its discretion in precluding the impeachment of the victim regarding her omission of a descriptive detail of defendant's conduct during the pretrial interview with the assistant district attorney, namely, her failure to precisely describe defendant's conduct as "grinding." The omission did not qualify as a prior inconsistent statement because defendant failed to show that the victim was drawn to those facts by specific questioning (see People v Bornholdt, 33 NY2d 75, 88 [1973], cert denied 416 US 905 [1974]). Furthermore, "the purported inconsistency rests on a slender semantic basis" (People v Jackson, 29 AD3d 400, 401 [2006], lv denied 7 NY3d 790 [2006]), and had little or no probative value with regard to any issue other than general credibility (see People v Aska, 91 NY2d 979, 981-982 [1998]; see also People v Duncan, 46 NY2d 74, 80-81 [1978], cert denied 442 US 910 [1979]). In any event, defendant received a full opportunity to attack the victim's credibility, and specifically questioned her about the incident and her statement to the assistant district attorney (see People v Rosario, 267 AD2d 73, 73 [1999], lv denied 94 NY2d 952 [2000]). Since defendant never asserted a constitutional right to introduce the evidence, his constitutional claim is unpreserved (see People v Angelo, 88 NY2d 217, 222 [1996]).
Even assuming that the court's ruling was erroneous, we would find that the error was harmless in light of the overwhelming unchallenged evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230, 241-243 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 17, 2024