■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MONTERO, Appellant. [726 NYS2d 102] —Judgment, Supreme Court, New York County (Charles Solomon, J., at hearing; Joan Sudolnik, J., at jury trial and sentence), rendered February 26, 1999, convicting defendant of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree (two counts), and criminally using drug paraphernalia in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 10 years to life, 7 to 14 years (two terms), and 1 year, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. There is no basis upon which to disturb the court's credibility determinations, which are supported by the record.

When the vehicle in which defendant was a passenger drove past two unmarked cars with its headlights off at about 10 P.M., the driver's eyes opened wide, suggesting that he recognized the four men seated in the unmarked cars to be plainclothes officers. Both police cars then turned and followed the vehicle for a short distance. The unmarked car immediately

behind the vehicle put its turret lights on. The vehicle then stopped and defendant, carrying a grocery bag, immediately got out and quickly walked away, abruptly and suspiciously abandoning his companions in the midst of an interaction with the police. Defendant was not seized when one officer approached him and said, "Police. Can you hold up a minute?" (*People v Bora*, 83 NY2d 531.) Rather, this was a Level I request for information based on an objective, credible reason (*People v Hollman*, 79 NY2d 181). The record supports the court's finding that defendant voluntarily accompanied the officer to the back of the vehicle in which he had been a passenger. The minimal intrusion of touching the outside of defendant's grocery bag prior to accompanying him to the vehicle was reasonable under the circumstances (*see, People v De Bour*, 40 NY2d 210, 221). In any event, defendant continued to cooperate voluntarily with the police and the seizure of the bag, which contained two commodities used in converting cocaine to crack, did not occur until after the police found drugs in open view in the vehicle and lawfully arrested defendant and the other occupants.

There is ample basis for the court's finding that the stop was not pretextual but was instead based on the officers' observation of a traffic infraction. In any event, the validity of the stop was based on the objective circumstances and not the subjective intent of the police (*Whren v United States*, 517 US 806; *People v Robinson*, 271 AD2d 17, *lv granted* 95 NY2d 968).

At trial, defendant raised a sufficient issue as to the weight of the drugs to warrant submission, at the People's request and over defendant's objection, of second-degree possession as a lesser included offense of first-degree possession (*cf. People v Argro*, 37 NY2d 929).

The challenged portions of the People's summation did not deprive defendant of a fair trial (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Concur—Sullivan, P. J., Nardelli, Mazzarelli, Rubin and Saxe, JJ.