THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GOLDEN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ORTIZ, Appellant. [804 NYS2d 74]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered October 2, 2003, convicting defendant Golden, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 3 to 9 years, unanimously affirmed. Judgment, same court and Justice, rendered August 4, 2003, convicting defendant Ortiz, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The court properly exercised its discretion in denying defendant Ortiz's motion for severance. Initially, we note that Ortiz should have made a timely written motion, setting forth in detail what was allegedly inconsistent about the defenses of himself and defendant Golden (see CPL 255.10 [1] [g]; 255.20 [1], [3]; People v Roman, 303 AD2d 176 [2003], lv denied 100 NY2d 565 [2003]). In any event, the defenses of the two defendants were not so irreconcilable as to require severance (People v Mahboubian, 74 NY2d 174, 183-184 [1989]). To accept Golden's contention that he acted as the agent of the buyer, the jury was not required to also reject Ortiz's contention that he was not the person who transferred drugs to Golden. Furthermore, Golden did not cross-examine Ortiz, and never acted as a "second prosecutor" (People v Cardwell, 78 NY2d 996, 998 [1991]) in any respect.

Defendant Golden's remarks in connection with his success-

ful request that the court deliver an agency charge did not preserve his present challenges to the language employed by the court in instructing the jury on that defense (*see People v Newland,* 300 AD2d 199 [2002], *lv denied* 99 NY2d 631 [2003]), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the agency charge, read as a whole, conveyed the appropriate legal principles (*see People v Job,* 87 NY2d 956 [1996]; *People v Lam Lek Chong,* 45 NY2d 64, 74-75 [1978], *cert denied* 439 US 935 [1978]).

Defendant Golden was not prejudiced by the court's modest departure from the statutorily prescribed order of trial (CPL 260.30), when the court, with the consent of Golden's counsel, instructed the jury on the agency defense immediately prior to summations, and then repeated the same instructions in its main charge after summations. The circumstances did not present any danger of premature deliberations (*compare People v Townsend,* 67 NY2d 815 [1986]).

Defendant Golden's challenges to the People's summation are unpreserved and unavailing. Concur—Tom, J.P., Marlow, Ellerin, Sweeny and Catterson, JJ.