■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALTY ADAMSON, Appellant. [7 NYS3d 131]—

Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered November 3, 2011, as amended December 5, 2011, convicting defendant, after a jury trial, of assault in the second and third degrees, petit larceny and criminal possession of stolen property in the fifth degree, and sentencing him, as a second violent felony offender to an aggregate term of five years, unanimously affirmed.

We reject defendant's challenges to the sufficiency and weight of the evidence supporting the element of physical injury with regard to one of the victims (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Defendant struck this victim in the head with a 40-pound bench, resulting in a one-inch gash that bled extensively and required four staples to close. Viewed objectively, an injury caused in that manner "would normally be expected to bring with it more than a little pain" (*People v Chiddick*, 8 NY3d 445, 447 [2007]).

The court properly exercised its discretion when it inquired whether the jury had agreed upon a verdict as to any of the counts (*see e.g. People v Brown*, 1 AD3d 147 [1st Dept 2003], *lv*

*denied* 1 NY3d 625 [2004]; *People v Mendez*, 221 AD2d 162, 163 [1st Dept 1995], *lv denied* 87 NY2d 923 [1996]). That inquiry was separate from its response to the jury's note requesting a readback of certain testimony, as to which the court had fully complied with the requirements of *People v O'Rama* (78 NY2d 270 [1991]). Even if the court's inquiry about a possible verdict could be deemed part of the court's response to the note, there was still no mode of proceedings error. Although the court did not announce to counsel its intention to make this inquiry, it had already fulfilled its "core responsibility" under *People v Kisoon* (8 NY3d 129, 135 [2007]). Accordingly, preservation was required (*see People v Williams*, 21 NY3d 932, 934-935 [2013]), and we decline to review defendant's unpreserved claim in the interest of justice. As an alternative holding, we find no basis for reversal.

We have considered and rejected defendant's pro se claims. Concur—Tom, J.P., Friedman, Renwick, Moskowitz and DeGrasse, JJ.