■ The People of the State of New York, Respondent, v Ali Cisse, Appellant. [53 NYS3d 614]—

Judgment, Supreme Court, New York County (Herbert J. Adlerberg, J.H.O. at suppression hearing; Richard D. Carruthers, J. at suppression ruling; A. Kirke Bartley, Jr., J. at jury trial and sentencing), rendered June 9, 2014, convicting defendant of robbery in the first degree (two counts), robbery in the second degree, attempted robbery in the first degree (two counts), attempted robbery in the second degree, criminal possession of a weapon in the second degree (two counts), reckless endangerment in the first degree, and criminal possession of a weapon in the third degree, and sentencing him to an aggregate term of 12 years, unanimously affirmed.

Defendant's motion to suppress physical evidence was properly denied. Defendant's principal argument is that his initial encounter with the police, from which his arrest ultimately flowed, was at least a level two common-law inquiry unsupported by the necessary predicate. However, the record establishes that the police officer only conducted a level one request for information by telling defendant to "hold up for a second" or "hold on for a second," and to "turn around" to face the officer, while standing about 10 or 15 feet away from him (*see People v Reyes*, 83 NY2d 945 [1994], *cert denied* 513 US 991 [1994]; *People v Montero*, 284 AD2d 159, 160 [1st Dept 2001], *lv denied* 96 NY2d 904 [2001]). This request for information was "supported by an objective, credible reason, not necessarily indicative of criminality" (*People v McIntosh*, 96 NY2d 521, 525 [2001]), based on defendant's suspicious behavior when he appeared to notice the marked police car (*see Montero*, 284 AD2d at 160). Defendant's contention that the officer's command to "turn around" was a level three stop is unpreserved, and we decline to review it in the interest of justice. We reject defendant's argument that, pursuant to CPL 470.15 (1), we lack jurisdiction to review the level of the police encounter at issue here, as this case does not present a *LaFontaine* issue (*People v LaFontaine*, 92 NY2d 470 [1998]). Although the judicial hearing officer's decision may have been inartfully worded, the fair import of his finding that the officers had a "credible reason" to stop the defendant is that the encounter at issue was in fact a level one request for information (*see People*

v Nicholson, 26 NY3d 813, 825 [2016] [noting that an appellate court is not prohibited "from considering the record and the proffer colloquy with counsel to understand the context of the trial court's ultimate determination"]; *People v Garrett*, 23 NY3d 878, 885 n 2 [2014]).

The court properly exercised its discretion when it asked the jury whether it had reached a partial verdict. The trial court is in the best position to decide whether to make such an inquiry, especially where, as here, jury notes give an indication that such a query might be appropriate, and we have repeatedly upheld the court's authority in this regard (*see e.g. People v Adamson*, 127 AD3d 566, 566 [1st Dept 2015], *lv denied* 25 NY3d 1197 [2015]). The court specifically urged the jury not to rush, "and there is no indication that the jurors felt compelled to reach a verdict against their will" (*People v Hall*, 105 AD3d 658, 658 [1st Dept 2013], *lv denied* 21 NY3d 1016 [2013]). The fact that the jury reached a full verdict shortly after the court's query does not establish that the court's inquiry was coercive (*see e.g. People v Brown*, 1 AD3d 147 [1st Dept 2003], *lv denied* 1 NY3d 625 [2004]).

The admission of incriminating, nonprivileged phone calls that defendant chose to make while incarcerated, after receiving multiple forms of notice that his calls may be monitored and recorded, did not violate federal or state wiretapping laws (*see United States v Conley*, 531 F3d 56, 58 [1st Cir 2008]; *United States v Verdin-Garcia*, 516 F3d 884, 893-895 [10th Cir 2008], *cert denied* 555 US 868 [2008]; *United States v Horr*, 963 F2d 1124, 1125-1126 [8th Cir 1992], *cert denied* 506 US 848 [1992]; *United States v Amen*, 831 F2d 373 [2d Cir 1987], *cert denied* 485 US 1021 [1988]; *People v Jackson*, 125 AD3d 1002, 1003-1004 [2d Dept 2015], *lv denied* 25 NY3d 1202 [2015]), defendant's federal or state right to counsel (*see People v Johnson*, 27 NY3d 199 [2016]; *People v Velasquez*, 68 NY2d 533 [1986]), or his due process right to participate in the preparation of his own defense (*see Florence v Board of Chosen Freeholders of County of Burlington*, 566 US 318 [2012]; *Matter of Lucas v Scully*, 71 NY2d 399, 406 [1988]). Defendant was free to make privileged calls to his attorney on all aspects of his case, including pretrial investigation. Defendant was also free to limit his social calls to matters unrelated to his case. Instead, defendant chose to assume the risks involved in making unprotected case-related communications. Furthermore, since no public servant, or anyone else, did anything to obtain any statements from defendant, his phone conversations cannot be viewed as involuntary for purposes of CPL 60.45, and no such jury instruction was warranted.

Defendant's legal sufficiency claim regarding his reckless endangerment conviction is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). We likewise decline to review defendant's unpreserved challenge to a voice identification procedure, and reject it in any event (*see People v McRae*, 195 AD2d 180 [1st Dept 1994], *lv denied* 83 NY2d 969 [1994]). We have considered and rejected defendant's ineffective assistance of counsel claims relating to the issues we have found to be unpreserved (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Accordingly, we do not find that any lack of preservation may be excused on the ground of ineffective assistance.

The court properly exercised its discretion in denying youthful offender treatment (*see People v Drayton*, 39 NY2d 580 [1976]), and we perceive no basis for reducing the sentence. Concur—Friedman, J.P., Sweeny, Richter, Manzanet-Daniels and Kapnick, JJ.