People v Jones (2019 NY Slip Op 08151)





People v Jones


2019 NY Slip Op 08151


Decided on November 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


10286 2912/16

[*1] The People of the State of New York, Respondent,
v
Kareem Jones, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Amanda Regan of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered March 16, 2017, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and unlawful possession of marijuana, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of six years and a $100 fine, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the marijuana conviction and dismissing that count of the indictment, and otherwise affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the jury's credibility determinations. When an officer saw defendant drive into a Housing Authority parking lot and park without the required sticker, as well as in a manner that blocked two parking spaces, this provided an objective credible reason permitting the officer to approach and request information. When the officer, who may have put on his car's turret light, pulled up behind defendant's car and used a loudspeaker to direct him to roll down his windows and put the car in park, those actions did not go beyond the "nonthreatening encounter" (People v Hollman, 79 NY2d 181, 191 [1992]) contemplated by an information request. Instead, the police actions were comparable to nonthreatening directions, such as a direction to stop, that may be permissible in connection with a request for information (see People v Reyes, 83 NY2d 945 [1994], cert denied 513 US 991 [1994]; People v Cisse, 149 AD3d 435, 435 [1st Dept 2017], affd 32 NY3d 1198 [2019]), and the police actions here were reasonable safety measures in any event. Counsel did not render ineffective assistance by failing to move to reopen the suppression hearing based on alleged discrepancies between hearing and trial testimony. Defendant has not shown that counsel reasonably should have made such an application, that it would have been granted, or that there was a reasonable possibility that a reopened hearing would have resulted in suppression of any evidence.
The court properly denied defendant's motion to dismiss the indictment, made on the ground that he was deprived of his right to testify before the grand jury. The record establishes that the People provided defendant with a reasonable opportunity to testify (see e.g. People v Edwards, 283 AD2d 219 [1st Dept 2001], lv denied 96 NY2d 918 [2001]). Defendant's claims of ineffective assistance of counsel are not apparent on this record (see People v Wiggins, 89 NY2d 872 [1996]). We have considered and rejected defendant's remaining arguments on matters relating to the grand jury issue.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). We find no basis for disturbing the jury's credibility determinations.
Defendant did not preserve his challenge to the court's Allen charge (Allen v United States, 164 US 492 [1896]), and we decline to review it in the interest of justice. As an alternative holding, we find that the charge was not coercive (see People v Ford, 78 NY2d 878, 880 [1991]).
Under CPL 160.50(5), effective August 28, 2019, defendant's marijuana conviction became a nullity by operation of law, independently of any appeal, and without requiring any action by this Court. In any event, we vacate that conviction.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 12, 2019
CLERK