People v Cueva (2020 NY Slip Op 00977)





People v Cueva


2020 NY Slip Op 00977


Decided on February 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2020

Friedman, J.P., Renwick, Kern, Oing, JJ.


10978 1971/15

[*1] The People of the State of New York, Respondent,
v
Wilmer Cueva, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Allison N. Kahl of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Luis Morales of counsel), for respondent.



Judgment, Supreme Court, New York County (Thomas Farber, J. at motion; Anthony J. Ferrara, J. at jury trial and sentencing), rendered December 15, 2016, convicting defendant of criminally negligent homicide and reckless endangerment in the second degree (four counts), and sentencing him to an aggregate term of 1 to 3 years, unanimously affirmed.
Defendant's legal insufficiency claim is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). Moreover, we find that the evidence of defendant's guilt was overwhelming. The evidence established that, despite repeated warnings and full comprehension of the dangers involved, defendant, a construction foreman, personally ordered the unsafe actions that led to a fatal trench collapse.
The court, which thoroughly instructed the jury on all the elements of the charges, providently exercised its discretion in denying defendant's request to instruct the jury that he could not be found criminally liable based on his mere supervision of workers. The specific language requested by defendant would have risked confusing or misleading the jury because defendant's criminal liability was based in large part on his personal conduct as a supervisor in ordering others to perform unsafe acts. In any event, we find that any error was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230, 237 [1975]).
The court providently exercised its discretion in admitting autopsy photos that were gruesome, but were relevant to demonstrate the extreme risk posed by the inadequately protected trench that collapsed onto the victim and to illustrate the medical examiner's testimony (see People v Wood, 79 NY2d 958, 960 [1992]; People v Stevens, 76 NY2d 833, 836 [1990]). The photos were not so inflammatory as to outweigh their probative value. Defendant's challenge to a photo of the victim when he was alive is unpreserved, and we decline to review it in the interest of justice. In any event, we find that any error in the admission of that photo, or any other photos at issue on appeal, was harmless.
Defendant's challenges to the introduction of redacted email messages and related testimony are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find that defendant fails to present any basis for reversal.
The motion court properly denied defendant's request for a hearing on his motion to suppress his statements made to an employee of a private company. Defendant made only a [*2]general allegation that the statement was made to an agent of law enforcement, and he did not dispute the People's specific allegations to the contrary (see People v Lewis, 258 AD2d 287 [1st Dept 1999]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 11, 2020
CLERK