People v Shear (2020 NY Slip Op 05059)





People v Shear


2020 NY Slip Op 05059


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2019-00819
 (Ind. No. 192/17)

[*1]The People of the State of New York, respondent,
v
Michael Shear, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Kathleen Becker Langlan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Stephen L. Braslow, J.), rendered December 14, 2018, convicting him of driving while intoxicated, as a felony, in violation of Vehicle and Traffic Law § 1192(3), aggravated unlicensed operation of a motor vehicle in the first degree, reckless endangerment in the second degree, and speeding, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the grand jury proceedings were defective within the meaning of CPL 210.35(5) is unpreserved for appellate review (see CPL 470.05[2]; People v Sicilianonunez, 172 AD3d 912, 913). In any event, the defendant's contention is without merit (see People v Adessa, 89 NY2d 677, 679, 684).
The defendant failed to preserve for appellate review his contention that his convictions were not supported by legally sufficient evidence (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
We agree with the County Court's determination allowing the admission into evidence of recordings of telephone calls the defendant made during his pretrial detention at the Suffolk County Jail. There is no merit to the defendant's claim that the admission of the recordings was improper because he did not consent to the release of the recordings to the prosecution, as the defendant had no reasonable expectation of privacy in the content of the recorded communications (see People v Diaz, 33 NY3d 92, 99-100; People v Utley, 170 AD3d 757, 758; People v Koonce, 111 AD3d 1277, 1279). Furthermore, the admission of the recordings did not violate the defendant's [*2]right to counsel under the State and Federal Constitutions (see People v Johnson, 27 NY3d 199, 205-206; People v Utley, 170 AD3d at 758), or his right to participate in the preparation of his own defense (see People v Utley, 170 AD3d at 758; People v Cisse, 149 AD3d 435, 436, affd 32 NY3d 1198).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
MASTRO, J.P., ROMAN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court