People v Jennings (2021 NY Slip Op 03262)





People v Jennings


2021 NY Slip Op 03262


Decided on May 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 20, 2021

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Mendez, JJ. 


Ind No. 4287/17 4287/17 Appeal No. 13893 Case No. 2019-1525 

[*1]The People of the State of New York, Respondent,
v
Demel Jennings, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Anjali Pathmanathan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Susan Axelrod of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered November 13, 2018, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree and endangering the welfare of a child, and sentencing him, as a persistent violent felony offender, to an aggregate term of 24 years to life, unanimously affirmed.
The admission of a recorded telephone call that defendant made while incarcerated at Rikers Island before trial did not violate his constitutional right to equal protection. Defendant was treated differently than he would have been had he been at liberty only insofar as the state effectively required him to consent to the monitoring and recording of his nonprivileged telephone calls or to not make them at all. While defendant concedes that substantial interests in prison safety and security justify conditioning the use of facility telephones on inmates' consent to having the calls monitored (see e.g. People v Johnson, 27 NY3d 199, 208 [2016] [Pigott, J., concurring]) he still claims that equal protection forbids giving prosecutors access to the content of such calls in the absence of a warrant.
However, this contention is inconsistent with the established principle that once an inmate implicitly consents to the recording of his calls, the inmate retains no reasonable expectation of privacy that would prevent the correctional facility from disclosing the recording. "[W]here detainees are aware that their phone calls are being monitored and recorded all reasonable expectation of privacy in the content of those phone calls is lost, and there is no legitimate reason to think that the recordings, like any other evidence lawfully discovered, would not be admissible" (People v Diaz, 33 NY3d 92, 100 [2019][internal quotation marks omitted]). Indeed, at the heart of defendant's argument is the contradictory proposition that the warrant requirement should be applied to a statement in which he has no privacy interest at all.
The principle stated in Diaz applies to any person, incarcerated or not, who waives his or her privacy interest in a conversation, whether by consenting to have it recorded or otherwise. To this extent, defendant was similarly situated to defendants awaiting trial while at liberty. While defendant was treated disparately from such defendants in that he was required to either consent to recording or go without telephone use, this differential treatment did not run afoul of the equal protection clause. Furthermore, defendant fails to show that the government action at issue burdens a fundamental right (see People v Cisse, 149 AD3d 435, 436 [1st Dept 2017], affd 32 NY3d 1198 [2019]),
Because defendant cannot establish that the governmental action at issue "disadvantages a suspect class or burdens a fundamental right" (People v Aviles, 28 NY3d 497, 502 [2016]), it is not subject to strict scrutiny review and it need only be shown that it is rationally related to a legitimate [*2]governmental purpose. The interest in safety and security in the prisons constitutes such a purpose. Indeed, even if strict scrutiny applied, we would find that the requirement of "a compelling justification for the action" is met (id.).
The recording of the call was sufficiently authenticated (see People v Thomas, 172 AD3d 443, 444 [1st Dept 2019], lv denied 33 NY3d 1109 [2019]). The authenticating witness was sufficiently knowledgeable to provide "reasonable assurances of the identity and unchanged condition" (id.) of the recording.
The court providently exercised its discretion in by permitting the prosecution to introduce photographic, testimonial and video evidence, claimed by defendant to be excessively gruesome and repetitive, regarding the condition of the stabbing victim and the crime scene. This evidence, which was plainly relevant, was not so inflammatory or extensive as to outweigh its probative value (see People v Cueva, 180 AD3d 466, 467 [1st Dept 2020], lv denied 35 NY3d 993 [2020]). Further, to the extent that any of the challenged evidence might be viewed as cumulative or unduly graphic, we find that any error in this regard was harmless in light of the overwhelming evidence establishing defendant's guilt and refuting his meritless justification defense.
Defendant is not entitled to dismissal of the assault charge as a purported inclusory concurrent count of the attempted murder count (see CPL 300.40[3][b]). It is possible to commit attempted murder without committing assault, and under the impossibility test of People v Glover (57 NY2d 61 [1982]) the particular facts or
allegations of the case are irrelevant.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2021