People v Frasier (2022 NY Slip Op 07005)

People v Frasier

2022 NY Slip Op 07005

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Kapnick, J.P., Oing, Singh, Moulton, Pitt-Burke, JJ. 

Ind No. 4769/16 Appeal No. 16824 Case No. 2019-5757 

[*1]The People of the State of New York, Respondent,
v
Jamell Frasier, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Katrina Jean Myers of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered May 1, 2018, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first and second degrees, and two counts of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 18 years, unanimously modified, on the law, to the extent of amending the sentence and commitment sheet to reflect that defendant was convicted of attempted assault in the first degree rather than assault in the first degree, and otherwise affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Moreover, we find that the evidence of defendant's guilt was overwhelming. There is no basis for disturbing the jury's determinations regarding credibility and identification, notwithstanding minor inaccuracies in the description given by the victim. The victim, who knew defendant, made a reliable identification, and his testimony was extensively corroborated by video surveillance videotapes showing defendant before and during the shooting.
Any error in admitting prior consistent statements by the victim was harmless. "[P]rior consistent statements are notably less prejudicial to the opposing party than other forms of hearsay, since by definition the maker of the statement has said the same thing in court as out of it, and so credibility can be tested through cross-examination" (People v Ludwig, 24 NY3d 221, 230 [2014]).
Defendant's challenges to the People's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find that the challenged remarks generally constituted fair comment on the evidence, and reasonable inferences to be drawn therefrom, in response to defense arguments, and that the summation did not deprive defendant of a fair trial (see People v Overlee, 236 AD2d 133 [1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1992], lv denied 81 NY2d 884 [1993]).
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022