People v Harkless (2025 NY Slip Op 03166)

People v Harkless

2025 NY Slip Op 03166

Decided on May 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 27, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Kapnick, Mendez, Shulman, JJ. 

Ind. No. 4513/16|Appeal No. 4435|Case No. 2018-5602|

[*1]The People of the State of New York, Respondent,
v
Ramel Harkless, Defendant-Appellant.

Anthony L. Ricco, New York, for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Rachel Bond of counsel), for respondent.

Judgment, Supreme Court, New York County (Mark Dwyer, J.), rendered September 18, 2018, which, after a jury trial, convicted defendant of assault in the first degree and two counts of criminal possession of a weapon in the second degree, and sentenced him to an aggregate term of 19 years, unanimously affirmed.
Defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review, and we decline to review it in the interest of justice (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). As an alternative holding, viewing the evidence in the light most favorable to the prosecution (see People v Kancharla, 23 NY3d 294, 302 [2014]), we find that it was legally sufficient to establish defendant's guilt of assault in the first degree and criminal possession of a weapon in the second degree beyond a reasonable doubt.
The trial court providently exercised its discretion in denying defendant's motions to sever his trial from the codefendant. The codefendant's post-arrest statements were not admitted, nor did the codefendant testify (see Bruton v United States, 391 US 123 [1968]). The core of defendant's defense was that he was not the shooter, and the codefendant's defense was that he had no role in the shooting and drove off because he panicked. The defenses were not in irreconcilable conflict with each other (People v Mahboubian, 74 NY2d 174, 184 [1989]), and the jury thus was not faced with a forced choice between one defense and another (see People v Golden, 23 AD3d 266 [1st Dept 2005], lv denied 6 NY3d 813 [2005]).
Defendant's challenge to the trial court's admission of the testimony about a prior conviction under People v Molineux (168 NY 264 [1901]) is unpreserved for appellate review, as defendant failed to raise this specific contention before the trial court (see People v Delacruz, 207 AD3d 652, 653 [2d Dept 2022], lv denied 39 NY3d 1072 [2023]), and we decline to review it in the interest of justice. As an alternative holding, we find the testimony was properly admitted to demonstrate motive and identification, not propensity to commit the charged crimes.
Defendant's challenges to the People's summation are largely unpreserved, and we decline to review them in the interest of justice. As an alternative holding, and with respect to the arguably preserved challenges, we find that the challenged remarks constituted fair comment on the evidence and reasonable inferences to be drawn therefrom; were responsive to defense arguments; and that the summation did not deprive defendant of a fair trial (see People v Frasier, 211 AD3d 487, 488 [1st Dept 2022], lv denied 40 NY3d 928 [2023]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
The court properly exercised its discretion when it asked the jury if it had reached a partial verdict. "The trial court is in the best position to decide whether to make such an inquiry, especially [*2]where, as here, jury notes give an indication that such a query might be appropriate, and we have repeatedly upheld the court's authority in this regard" (People v Cisse, 149 AD3d 435, 436 [1st Dept 2017], affd 32 NY3d 1198 [2019], cert denied,  US ,140 S Ct 83 [2019]; see also People v Adamson, 127 AD3d 566, 566 [1st Dept 2015], lv denied 25 NY3d 1197 [2015]). The court specifically advised the jury that it did not intend to put pressure on them, "and there is no indication that the jurors felt compelled to reach a verdict against their will" (People v Hall, 105 AD3d 658, 658 [1st Dept 2013], lv denied 21 NY3d 1016 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2025