People v Jia Xi Liu (2025 NY Slip Op 06622)

People v Jia Xi Liu

2025 NY Slip Op 06622

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2023-08905
 (Ind. No. 7019/18)

[*1]The People of the State of New York, respondent,
v
Jia Xi Liu, appellant. David Louis Cohen, Kew Gardens, NY, for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Simcha Engelen of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered September 27, 2023, convicting him of criminally negligent homicide, criminal mischief in the fourth degree (two counts), offering a false instrument for filing in the first degree (two counts), fraudulent practices in violation of Workers' Compensation Law § 114(3), fraudulent practices in violation of Workers' Compensation Law § 96, city criminal tax fraud in the fourth degree, city criminal tax fraud in the fifth degree, and criminal possession of a forged instrument in the third degree, after a nonjury trial, and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of 2 to 4 years on the conviction of criminally negligent homicide, definite terms of imprisonment of 1 year on each conviction of criminal mischief in the fourth degree, indeterminate terms of imprisonment of 1½ to 3 years on each conviction of offering a false instrument for filing in the first degree, an indeterminate term of imprisonment of 1 to 3 years on the conviction of fraudulent practices in violation of Workers' Compensation Law § 114(3), an indeterminate term of imprisonment of 1 to 3 years on the conviction of fraudulent practices in violation of Workers' Compensation Law § 96, a definite term of imprisonment of 1 year on the conviction of city criminal tax fraud in the fourth degree, a definite term of imprisonment of 1 year on the conviction of city criminal tax fraud in the fifth degree, and an indeterminate term of imprisonment of 1½ to 3 years on the conviction of criminal possession of a forged instrument in the third degree, with all terms of imprisonment to be served concurrently with each other.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed on the conviction of criminal possession of a forged instrument in the third degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of criminally negligent homicide beyond a reasonable doubt. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-350), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on the count of criminally negligent homicide was not against the [*2]weight of the evidence (see People v Romero, 7 NY3d 633, 643-646; People v Cueva, 180 AD3d 466, 466).
Criminal possession of a forged instrument in the third degree is a class A misdemeanor carrying, at most, a definite term of imprisonment of one year (see Penal Law §§ 70.15[1]; 170.20). Thus, as conceded by the People, the imposition of an indeterminate term of imprisonment of 1½ to 3 years on the conviction of criminal possession of a forged instrument in the third degree, as set forth in the sentencing minutes, was illegal. Accordingly, we vacate the sentence on the conviction of criminal possession of a forged instrument in the third degree and remit the matter to the Supreme Court, Kings County, for resentencing on that conviction (see CPL 470.15[4][c]; People v Haywood, 124 AD3d 798, 801).
CONNOLLY, J.P., WOOTEN, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court